**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        No. CV 15-0805 RB/SCY
                                                         CR 14-3440 RB

JOEL CORDOVA-ORDAZ,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Cases, on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 17).   Defendant's criminal sentence was entered in 2010 in *United States v. Cordova-Ordaz*, No. EP-09-CR-1267FM(5) in the Western District of Texas.   In October, 2014, the Texas court transferred jurisdiction of Defendant's term of supervised release to this Court (CR Doc. 1), and a petition to revoke supervised release (CR Doc. 3) was filed in this Court.   By judgment (CR Doc. 14) this Court revoked Defendant's supervised release and sentenced him to four months in prison.   Although Defendant later filed his § 2255 motion under the caption of this revocation proceeding, he raises no issues related to the revocation.

In his § 2255 motion, Defendant challenges his underlying conviction and sentence in the Texas criminal proceeding for possessing with intent to distribute cocaine.   He states that he was sentenced in 2010 and that his sentence was imposed on August 13, 2015.   Attached to the transfer order is a copy of the Texas court's criminal judgment (CR Doc. 1-2) against Defendant entered on November 30, 2010.   The Texas docket (CR Doc. 1-3) reflects no sentencing proceedings in August of 2015, nor was there an appeal or collateral attack of the judgment. Defendant is clearly attacking only the criminal judgment entered against him by the the United

States District Court for the Western District of Texas.

This Court may not adjudicate Defendant's § 2255 motion.  A defendant who seeks to challenge a criminal conviction or sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence."  § 2255(a).  "Of course, [§ 2255] requires attacks on federal sentences be made in the sentencing jurisdiction." *Bennett v. U.S. Parole Comm'n*, 83 F.3d 324, 327 (10th Cir. 1996).  Under this rule, a district court that accepts jurisdiction of a defendant's term of supervised release has no authority to alter the underlying conviction or sentence.  *See United States v. Condit*, 621 F.2d 1096, 1097-99 (10th Cir. 1980); *Napoles v. United States*, 536 F.2d 722, 725-26 (7th Cir. 1976); *and cf. Lonski v. United States*, 447 F. App'x 871, 872 (10th Cir. 2011) ("The district court correctly held that it has no jurisdiction to alter a sentence imposed by another court unless Congress has expressly authorized such action.").  Because this Court may not adjudicate Defendant's § 2255 motion, he is not entitled to relief, *see* § 2255 R. 4(b), and the motion will be dismissed for lack of jurisdiction.

Furthermore, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, the Court determines that Defendant has failed to make a substantial showing that he has been denied a constitutional right in this Court.   The Court will therefore deny a certificate of appealability.

IT IS THEREFORE ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (CV Doc. 1; CR Doc. 17) is DISMISSED for lack of jurisdiction; a certificate of appealability is DENIED; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE